IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE J. TAYLOR, | ) | CASE NO. 5:18-cv-02950 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN DAVE MARQUIS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

On December 17, 2018,[1] *pro se* Petitioner Jackie J. Taylor ("Petitioner" or "Taylor") filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Doc. 1. Taylor challenges the constitutionality of his conviction and sentence in *State of Ohio v. Jackie Taylor*, Case No. CR 10-01-0013B (Summit County). Doc. 1, Doc. 9-1.

Following trial, a jury found Taylor guilty of two counts of aggravated burglary, one count of aggravated robbery, one count of theft from the elderly, and one count of possession of cocaine. Doc. 9-1, pp. 25, 43-44, 111. The jury found that Taylor did not have a firearm to facilitate the offenses of aggravated burglary and aggravated robbery. *Id.* The trial court subsequently dismissed the aggravated robbery charge and found that the theft from the elderly count merged with the two counts of aggravated burglary for purposes of sentencing. *Id.* The trial court sentenced Taylor seven years on each of the aggravated burglary counts and one year

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)). In his Petition, Taylor declares that he placed his Petition in the prison mailing system on December 17, 2018. Doc. 1, p. 15. Taylor's Petition was docketed in this Court on December 21, 2018. Doc. 1.

1

on the possession of cocaine count and ordered the sentences to run consecutively with each other for a total of 15 years. *Id.*

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. Respondent filed an Answer/Return of Writ, arguing that the Petition should be dismissed and/or denied because the Petition is barred by the statute of limitations; the claims presented in the Petition are procedurally defaulted; and/or the claims presented in the Petition are without merit. Doc. 6. Taylor filed a Motion in Opposition to Respondent's Return of Writ and Memorandum in Response ("Traverse"). Doc. 11.

For the reasons set forth below, the undersigned concludes that Taylor's Petition is untimely under 28 U.S.C. § 2244(d). Further, Taylor has not demonstrated an entitlement to equitable tolling of the statute of limitations. Accordingly, the undersigned recommends that the Court **DISMISS** Taylor's Petition (Doc. 1).[2]

### I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Ninth District Court of Appeals summarized the facts underlying Taylor's conviction as follows:

> {¶ 2} On December 31, 2009, Nikkol Graves learned that J.B. Garrett, a 71–year–old man, had cashed his Social Security and SSI checks. The following morning, while Graves was present in Garrett's apartment, or while she was exiting, an intruder entered Garrett's residence and robbed him of approximately $20.00 to $40.00. On the same morning, Graves returned to Garrett's home, and, while she was there, an intruder again entered Garrett's home and robbed Garrett of his

---

[2] Since the Petition is time-barred it is not necessary to consider Respondent's alternative arguments for dismissal and/or denial.

2

remaining Social Security and SSI proceeds. After this incident, Garrett went to his neighbor's home and called the police.

{¶ 3} After the second incident, Graves went to the home of Helen Smith on Nome Ave. in the City of Akron, Ohio. While there, Hermaine Powell, whom Graves later identified as the intruder, arrived. Thereafter, Graves called Garrett's neighbor's home, and an officer answered the call. A short time after this telephone conversation, Jackie Taylor, whom Graves later alleged planned the burglaries, arrived at Smith's house. Taylor and Graves left Smith's house in Graves' car and were stopped by police. Police impounded the car and brought Graves in for questioning regarding the burglaries of Garrett. While the car was in custody, the police received a tip from Charles Randles that crack cocaine was in the car. Officers retrieved 4.38 grams of crack cocaine from the back seat.

{¶ 4} Taylor was indicted on a charge of possession of cocaine and several other charges relating to his alleged complicity in the burglaries of Garrett. Graves and Powell entered into plea agreements relative to their alleged roles in the burglaries, wherein they agreed to testify at Taylor's trial.

*State v. Taylor*, 2011-Ohio-5009, ¶¶ 2-4, 2011 WL 4526841, * 1; Doc. 9-1, pp. 110-111.

## II.  Procedural Background

**A.  State Conviction**

On February 3, 2010, a Summit County Grand Jury indicted Taylor on: one count of kidnapping with firearm and repeat violent offender specifications; two counts of aggravated burglary with firearm and repeat violent offender specifications; two counts of aggravated robbery with firearm and repeat violent offender specifications; two counts of having weapons under disability; one count of possession of cocaine; and one count of theft from elderly (Counts 13-21 – Supplement One to Indictment).   Doc. 9-1, pp. 4-11.

On February 5, 2010, Taylor appeared with court appointed counsel at his arraignment and pleaded not guilty.  Doc. 9-1, p. 12.  Taylor, through counsel, filed various pre-trial motions, including a notice of alibi (Doc. 9-1, pp. 14-15); notice of objection to repeat violent offender specification (Doc. 9-1, p. 16); motion to dismiss repeat violent offender specification based upon selective prosecution (Doc. 9-1, pp. 17-18); and motion to exclude evidence of a 1987

3

conviction (Doc. 9-1, pp. 19-20; Doc. 9-1, pp. 21-23 (State's response)).  The trial, originally scheduled for April 15, 2010, was continued to April 20, 2010.  Doc. 9-1, pp. 13, 24.  By agreement, the possession of cocaine count, indicted as a felony of the third degree, was amended to the lesser and included offense of possession of cocaine, a felony of the fourth degree.  Doc. 9-1, pp. 10, 24.  Also, prior to trial, upon recommendation of the prosecutor, the trial court dismissed the kidnapping count and specifications thereto.  Doc. 9-1, p. 25.

The jury trial started on April 20, 2010, and continued until April 22, 2010.  Doc. 9-1, p. 25.  The jury found Taylor guilty of two counts of aggravated burglary, one count of aggravated robbery, one count of theft from the elderly, and one count of possession of cocaine.  Doc. 9-1, pp. 25, 43-44, 111.  The jury found that Taylor did not have a firearm to facilitate the offenses of aggravated burglary and aggravated robbery.  *Id.*  The jury found Taylor not guilty of one count of aggravated robbery and not guilty of the two counts of having weapons under disability.  Doc. 9-1, p. 25.

On June 2, 2010, Taylor filed a pro se motion to vacate conviction for unreasonable delay in his sentencing.  Doc. 9-1, pp. 37-39.  The State filed a response.  Doc. 9-1, pp. 40-41.  The trial court denied the motion to vacate conviction for unreasonable delay, noting that the hearing was scheduled at the request of Taylor's counsel to prepare for arguments regarding the repeat offender specification.  Doc. 9-1, p. 42.  The repeat offender hearing and sentencing hearing were continued to June 17, 2010.  *Id.*

At the hearing on June 17, 2010, the trial court granted Defendant's motion for judgment notwithstanding the verdict as to the aggravated robbery charge and firearm and repeat violent offender specifications contained in that count.  Doc. 9-1, p. 43.  The trial count found Taylor guilty of the repeat violent offender specification as to the aggravated burglary counts.  *Id.*  The

4

trial court found that the theft from the elderly count merged with the two counts of aggravated burglary for purposes of sentencing. Doc. 9-1, pp. 43-46. The trial court sentenced Taylor to seven years on each of the aggravated burglary counts and one year on the possession of cocaine count and ordered the sentences to run consecutively with each other for a total of 15 years. *Id.* The sentencing entry was docketed on June 25, 2010. Doc. 9-1, p. 43. An amended entry was filed on July 21, 2010, without a change to Taylor's 15-year sentence. Doc. 9-1, pp. 47-49. The trial court appointed Taylor appellate counsel for his appeal.

**B.     Direct appeal**

On July 13, 2010, Taylor, through his court-appointed appellate counsel, filed a notice of appeal with the Ninth District Court of Appeals (Court of Appeals Case No. 25490). Doc. 9-1, p. 51. In his appellate brief (Doc. 9-1, pp. 52-78), Taylor raised the following assignments of error:

1. The trial court committed reversible error when it denied defendant-appellant Jackie Taylor's motion for judgment of acquittal under Crim. R. 29 as the State of Ohio did not provide sufficient evidence to prove each and every element of the crimes charged beyond a reasonable doubt and therefore the convictions must be reversed and vacated.

2. Jackie Taylor's convictions in this case of aggravated burglary as contained in Counts I and II, as well as his conviction for possession of cocaine as contained in Count 7, were against the manifest weight of the evidence and as such the convictions must be reversed and vacated.

Doc. 9-1, pp. 53, 59-71. The State filed its brief on February 14, 2011. Doc. 9-1, pp. 79-109. On September 30, 2011, the Ninth District Court of Appeals affirmed the judgment of the trial court. Doc. 9-1, pp. 110-120. Taylor did not file a timely appeal with the Supreme Court of Ohio from the court of appeals' September 30, 2011, decision.

**C.     Supreme Court of Ohio delayed appeal**

On April 10, 2012, Taylor, proceeding pro se, filed an untimely notice of appeal with the Supreme Court of Ohio along with a motion for leave to appeal. Doc. 9-1, pp. 122-137. Taylor

5

argued that he had been unable to timely appeal from the court of appeals' September 30, 2011, decision because he was "out to court on [his] other case from August 8, 2011, to January 8, 2012." Doc. 9-1, p. 125. On May 23, 2012, the Supreme Court of Ohio denied Taylor's motion for a delayed appeal. Doc. 9-1, p. 138. Taylor had 90 days to file a petition for certiorari in the United States Supreme Court. S. Ct. R. 13. No petition was filed.

**D.    Post-conviction motions/petitions**

On July 9, 2010, Taylor, proceeding pro se, filed with the trial court a motion for a discharge for delay in trial. Doc. 9-1, pp. 139-141. The State filed a response. Doc. 9-1, pp. 142-143. Taylor also filed a motion to vacate conviction for unreasonable delay on July 15, 2010. Doc. 9-1, pp. 144, 146-148. On November 4, 2010, the trial court denied Taylor's motions. Doc. 9-1, pp. 144-145. Taylor had 30 days, or until December 6, 2010, to file an appeal from the trial court's November 4, 2010, denial of his motions. Ohio App. R. 4(A)(1); Ohio App. R. 14(A).[3] No appeal was filed.

Attached to Taylor's Petition is a copy of a July 21, 2016, decision from the Fifth District Court of Appeals dismissing a state petition for writ of habeas corpus filed by Taylor (Case No. 15CA90), alleging that the trial court lacked jurisdiction to sentence him for crimes for which he was not indicted.[4] Doc. 1-2, pp. 1-5. The petition and any response from the State are not attached or included in the record before this Court.

On April 25, 2017, Taylor filed a pro se motion to vacate void judgment, arguing that the trial court sentenced him on charges for which he was never indicted on because the verdict

---

[3] The thirtieth day, December 4, 2010, was a Saturday. Therefore, the 30-day deadline was extended to December 6, 2010. *See* Ohio App. R. 14(A).

[4] Taylor contended that he was "entitled to a writ of habeas corpus because the count numbers presented to the jury were not the same as the count numbers of the indictment." Doc. 1-2, p. 2, ¶ 2.

6

forms referred to counts one through twelve but he was indicted on counts thirteen through twenty-one. Doc. 9-1, pp. 149-179. The State filed a response on May 5, 2017. Doc. 9-1, pp. 180-191. On May 8, 2017, the trial court denied Taylor's motion to vacate a void judgment. Doc. 9-1, p. 192. The journal entry was docketed on May 10, 2017. *Id.* On August 8, 2017, Taylor, proceeding pro se, filed a notice of appeal from the trial court's May 10, 2017, journal entry (Court of Appeals Case No. 28734).[5] Doc. 9-1, pp. 193-203. In his appellate brief filed on October 24, 2017, (Doc. 9-1, pp. 204-209), Taylor raised the following assignment of error:

1. The sentence in this case is void ab initio where the trial court was without jurisdiction to impose such sentence.

Doc. 9-1, pp. 207-209. On November 7, 2017, the State filed its appellate brief. Doc. 9-1, pp. 210-220. On June 20, 2018, the Ninth District Court of Appeals affirmed the trial court's denial of Taylor's motion to vacate. Doc. 221-226. On August 6, 2018, Taylor, proceeding pro se, filed a notice of appeal and memorandum in support of jurisdiction in the Supreme Court of Ohio. Doc. 9-1, pp. 227-228, 229-237. The State filed a Waiver of Memorandum in Response. Doc. 9-1, p. 238. On September 26, 2018, the Supreme Court of Ohio declined to accept jurisdiction of Taylor's appeal. Doc. 9-1, p. 239.

**E.     Federal habeas corpus**

Taylor raises the following two grounds for relief in his Petition:

**Ground One**: The trial court lacked jurisdiction to sentence him to crimes for which he was not indicted.

**Supporting Facts**: The count numbers presented to the jury were not the same as the count numbers of the indictment. Counts 1 through 12 of the indictment are all related to the Petitioner's co-defendant. Petitioner's indictment began with Count 13. Petitioner was found guilty and sentence[d] to 15 years in prison which has not yet expired.

---

[5] Taylor argued that his time to file his appeal was tolled because he was not properly served with notice of the May 10, 2017, journal entry. Doc. 9-1, pp. 193-195. The court of appeals found that Taylor's appeal was timely. Doc. 9-1, p. 234, ¶ 8.

7

**Ground Two**:  Summit County Commons Pleas Court lacked both subject-matter jurisdiction and personal jurisdiction.

**Supporting Facts**:  There exist no indictments on records of the Summit County Clerk's Office for the offenses for which Petitioner is currently confined.

Doc. 1, pp. 5-8.

### III.  Law and Analysis

**A.  Standard of Review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling AEDPA provision states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'"  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).  "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal

8

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**B.     AEDPA Statute of Limitations**

28 U.S.C. § 2244 limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus, providing in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of --

9

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  The statute of limitations is tolled for any period of time during which a properly filed petition for post-conviction or other collateral review is pending before the state courts.  *Jurado v. Burt,* 337 F.3d 638, 640 (6th Cir. 2003).  "[A]n application is pending so long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002); *see also Applegarth v. Warden North Cent. Correctional Inst.*, 377 Fed. Appx. 448, 449-450 (6th Cir. 2010) (relying on *Carey* when concluding that, where an appeal was not taken to the Ohio Supreme Court from the denial of a Rule 5(A) motion for delayed appeal, AEDPA was not tolled beyond the 45-day period in which the petitioner had to file an appeal).  This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

10

Respondent argues that Taylor's Petition should be dismissed because it was filed beyond the statute of limitations as set forth in 28 U.S.C. § 2244(d)(1)(A). For the reasons discussed herein, the undersigned agrees.

### 1. Taylor's Petition is untimely under 28 U.S.C. § 2244(d)(1)(A)

Taylor timely appealed from his conviction and sentence to the state court of appeals on July 13, 2010. Doc. 9-1, p. 51. On September 30, 2011, the state court of appeals affirmed Taylor's convictions and sentences. Doc. 9-1, pp. 110-120. Taylor had 45 days from September 30, 2011, or until November 14, 2011, to appeal the Ohio Court of Appeals' judgment to the Ohio Supreme Court. *See* S.Ct.Prac.R. 7.01(A)(1)(a)(i). Taylor did not file an appeal within that time period.

Under 28 U.S.C. § 2244(d)(1)(A), Taylor's one-year statute of limitations began to run when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[6] Therefore, Taylor's judgment became final on November 14, 2011 – at the expiration of the 45-day period that Taylor had for filing an appeal with the Supreme Court of Ohio from the state court of appeals' September 30, 2011, judgment affirming his convictions and sentences. The statute of limitations began running the next day, i.e., November 15, 2011, and Taylor had one year from that date or until November 15, 2012, to file his federal habeas petition.

As indicated herein, Taylor's Petition is deemed filed on December 17, 2018,[7] more than one year after the expiration of the statute of limitations. Accordingly, absent tolling of the statute of limitations, his Petition is time-barred.

---

[6] Taylor does not argue that the statute of limitations should be analyzed under any other subsection of 28 U.S.C. § 2244(d)(1) nor is it apparent from the record that any other subsection would apply.

[7] As discussed above, under the prison mailbox rule, Taylor's Petition is deemed filed on December 17, 2018.

11

As noted above, Taylor filed various petitions and motions for collateral review. While certain filings tolled the statute of limitations, Taylor's was nonetheless not filed timely.

On April 10, 2012, Taylor filed a motion for leave to appeal in the Supreme Court of Ohio. Doc. 9-1, p. 124. Thus, up to, but not including April 10, 2012, the statute of limitations ran for 147 days.[8] The statute of limitations was tolled during the pendency of the motion for delayed appeal. The Supreme Court of Ohio denied the application on May 23, 2012. Doc. 9-1, p. 138. Taylor did not file a petition for writ of certiorari with the United States Supreme Court. Further, since a motion for delayed appeal is an application for collateral review or postconviction relief, Taylor is not entitled to tolling under 28 U.S.C. § 2244(d)(2) for the 90-day period for seeking certiorari in the Supreme Court of the United States. *See Foster v. Bobby*, 2010 WL 1524484, * 3-4 (N.D. Ohio Apr. 15, 2011) (discussing and relying on cases, including *Lawrence v. Florida*, 549 U.S. 327, 334 (2007) and *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001)); *see also Kimble v. Gansheimer*, 2009 WL 4676959, * 6, n. 2 (N.D. Ohio Dec. 4, 2009) ("The 90 day period for seeking certiorari to the United States Supreme Court does not toll the AEDPA's statute of limitations under § 2244(d)(2).") (relying on *Lawrence*, 549 U.S. at 327). Thus, Taylor's statute of limitations resumed running on May 24, 2012. There was 218 days remaining on the statute of limitations at that time, meaning Taylor had until December 28, 2012, to file his federal habeas petition. However, Taylor did not file his Petition until December 17, 2018, almost 6 years after the one-year statute of limitations expired. Doc. 1.

In his Petition, in answer to the question regarding the timeliness of his Petition, Taylor states "September 26, 2018 – Ohio Supreme Court." Doc. 1, p. 13. The September 26, 2018,

---

[8] Respondent indicates that 138 days had elapsed. Doc. 9, p. 12. While the undersigned agrees with Respondent that the Petition is time-barred, the undersigned's time calculation is different from the Respondent's.

12

Supreme Court of Ohio decision concluded the appellate proceedings relating to Taylor's April 25, 2017, motion to vacate void judgment. Doc. 9-1, pp. 149-239. Since the April 25, 2017, motion to vacate was filed after the expiration of the statute of limitations ran on December 28, 2012, the motion and related proceedings could not serve to pause of the statute of limitations or restart the statute of limitations clock at zero. *Vroman*, 346 F.3d at 602. Accordingly, since Taylor's April 25, 2017, post-conviction motion was filed after the expiration of the § 2244(d) statute of limitations, Taylor is not entitled to start the statute of limitations from September 26, 2018, the date the appellate proceeding relating to the April 25, 2017, motion concluded. Also, any other post-conviction petitions or motions that Taylor filed after the expiration of the statute of limitations did not restart the running of the statute of limitations.

Considering the foregoing, even taking into account statutory tolling, Taylor's Petition, filed on December 17, 2018, almost 6 years after the one-year statute of limitations expired, is untimely under 28 U.S.C. § 2244(d).

### 2. **Taylor is not entitled to equitable tolling of the statute of limitations**

AEDPA's statute of limitations is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)). Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 Fed. Appx. 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). There are two forms of equitable tolling: (1) *traditional* equitable tolling; and (2) *actual innocence* equitable tolling. As discussed below, a petitioner, by satisfying the two-part test, may be entitled to traditional equitable tolling. Additionally, a petitioner may be entitled to

13

actual innocence equitable tolling.  However, for the reasons set forth below, Taylor is entitled to neither form of equitable tolling.

### a. Taylor is not entitled to traditional equitable tolling

A habeas petitioner is entitled to equitable tolling only if (1) "he has been pursuing his rights diligently[;]" and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Hall*, 662 F.3d at 749 (quoting *Holland*, 130 S.Ct. at 2560).  Equitable tolling is "applied sparingly" and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted).

In his Petition, Taylor provides a statement as to why he did not exhaust his state court remedies, stating that he "was incarcerated during the appeals process and his court appointed attorney did not remain in contact with [him] and inform him as to the status of his case."  Doc. 1, pp. 5, 7.  And he states he "was notified of the denial of his direct appeal by another attorney totally unrelated to the case at bar." *Id.*  Notwithstanding Taylor's stated explanation for not exhausting his state court remedies, he does not explain the extraordinary circumstances that stood in his way from timely filing his federal habeas petition.  Nor does Taylor explain, and the record does not support a finding, that Taylor was pursuing his rights diligently.  To the extent that Taylor would seek to excuse his untimely filing in this Court because he lacked legal assistance, he proceeded in state court without legal assistance when filing various motions.  Furthermore,  "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance[.]" *Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Hall*, 662 F.3d at 750-752 (lack of transcript, pro se status and

14

limited law library access did not warrant equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[L]ack of legal training, [a petitioner's] poor education, or even [a petitioner's] illiteracy" are not reasons to toll the statute of limitations.).

Considering the foregoing, Taylor has not demonstrated that extraordinary circumstances stood in the way of timely filing his habeas petition. Furthermore, he has not shown he was diligently pursuing his rights. For these reasons, Taylor is not entitled to traditional equitable tolling of the statute of limitations under the *Holland* two-part test.

### b. Taylor is not entitled to actual innocence equitable tolling

In addition to equitable tolling under the traditional two-part test outlined above, "a petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012). "A valid claim of actual innocence requires '*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Taylor has not argued or demonstrated that there is "new evidence" demonstrating his factual innocence. Thus, Taylor is not entitled to equitable tolling based on actual innocence.

### IV. Conclusion and Recommendation

For the reasons set forth above, the undersigned concludes that Taylor's Petition, filed almost 6 years after the statute of limitations had run, is untimely under 28 U.S.C. § 2244(d). Further, Taylor has not demonstrated an entitlement to equitable tolling of the statute of

limitations. Accordingly, the undersigned recommends that the Court **DISMISS** Taylor's Petition (Doc. 1) as barred by the statute of limitations.

October 6, 2020

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).