PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACKIE J. TAYLOR, | ) | |
| | ) | CASE NO. 5:18CV2950 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DAVE MARQUIS, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | [Resolving ECF No. 13] |

Pending before the Court is Petitioner Jackie J. Taylor's Objection to Magistrate Judge Kathleen B. Burke's ("Magistrate Judge Burke") Report and Recommendation. ECF No. 13. The case was referred to Magistrate Judge Burke for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2. Magistrate Judge Burke recommended that the Court deny the petition because it was untimely. ECF No. 12.

For the following reasons, Petitioner's objection is overruled, the Report and Recommendation is adopted, and the petition is dismissed.

**I. Background**

In February 2010, Petitioner was indicted in state court on various kidnapping, burglary, robbery, weapons, drug possession, and theft charges. Following an April 2010 trial, the jury found Petitioner guilty of the burglary, robbery, theft, and drug possession charges. Ultimately, Petitioner was sentenced to 15 years of incarceration.

(5:18CV2950)

In July 2010, Petitioner filed an appeal with the state appellate court seeking to reverse and vacate his convictions, arguing that (1) the State of Ohio did not provide sufficient evidence to convict him, and (2) the convictions of aggravated burglary and possession of cocaine were against the manifest weight of the evidence. The state trial court's judgment was affirmed in September 2011. In April 2012, Petitioner filed a motion for delayed appeal with the Supreme Court of Ohio and in May 2012, the motion was denied. Also in July 2010, Petitioner filed both (1) a motion for a discharge for delay in trial and (2) a motion to vacate conviction for unreasonable delay with the state trial court. In November 2010, the trial court denied both motions. Petitioner did not appeal the denial of those motions.

In April 2017, Petitioner filed a motion to vacate the judgment against him, primarily arguing that it should be voided because the verdict form referred to count one through twelve, and he was indicted on counts thirteen through twenty-one. The trial court denied Petitioner's motion in May 2017. Petitioner appealed the trial court's denial in August 2017, primarily arguing that the trial court did not have proper jurisdiction to sentence him. The state appellate court affirmed the trial court in June 2018. In August 2018, Petitioner appealed the state appellate court's ruling to the Supreme Court of Ohio, and in September 2018, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal.

In the December 2018 habeas petition (ECF No. 1) giving rise to this case, two grounds for relief were raised: (1) "The trial court lacked jurisdiction to sentence [Petitioner] to crimes for which he was not indicted" because the count numbers presented to the jury were different than the count numbers on the indictment; and (2) The "Summit County Commons Pleas Court lacked both subject-matter jurisdiction and personal jurisdiction" because there are no

2

Case: 5:18-cv-02950-BYP  Doc #: 15  Filed: 10/26/21  3 of 6.  PageID #: 1115

(5:18CV2950)

indictments or records in the Summit County Clerk's Office of the offenses for which Petitioner is incarcerated. ECF No. 1 at PageID #: 5 – 8. Magistrate Judge Burke issued a Report & Recommendation (ECF No. 12) recommending that the Court deny the petition because the "[p]etition is untimely under 28 U.S.C. § 2244(d)" and Petitioner "has not demonstrated an entitlement to equitable tolling of the statute of limitations." ECF No. 12 at PageID #: 1090. Petitioner objected to Magistrate Judge Burke's recommendation, requesting that the Court "find that the June 25, 2010 Judgment void [sic] and order the Petitioner released." ECF No. 13 at PageID #: 1105. As grounds for his objection, Petitioner avers that he received an incomplete record because (1) the record did not include submissions relevant to either of Petitioner's two co-Defendants in his state court trial, and (2) the counts on the verdict sheet were not renumbered.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is de novo. Fed. R. Civ. 72(b)(3). A district judge: "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of

3

(5:18CV2950)

the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see also* Harris v. Stovall, 212 F.3d 940, 942 (6th Cir. 2000).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984); *see* Smith v. Sowders, 848 F.2d 735, 738 (6th Cir. 1988). Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See* Estelle v. McGuire, 502 U.S. 62, 63 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also* Cristini v. McKee, 526 F.3d 888, 897 (6th Cir. 2008) ("[A] violation of state law is not cognizable in federal habeas [] unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.")

### III. Discussion

Applying the requisite standard to the case at bar, the Court is persuaded that the Report and Recommendation is well taken. In Petitioner's first objection related to not receiving filings related to his two co-Defendants, there is no mention of a state court decision that runs contrary to federal law or an unreasonable determination of facts. Petitioner merely states that the record is incomplete. Conclusory claims that do not set forth how constitutional rights were violated, or establish that unreasonable fact determinations occurred, are not sufficient. Brown v. Forshey, No. 20-4273, 2021 WL 2283864, at *3 (6th Cir. 2021) (petitioner's claim was conclusory and perfunctory because his § 2254 petition did not explain how their constitutional rights were

4

(5:18CV2950)

violated, therefore they failed to state a valid claim); Robertson v. Eppinger, No. 17-4107, 2018 WL 1940414, at *2 (6th Cir. 2018) (affirming district court's dismissal of § 2254 because petitioner's vague and conclusory grounds "offered nothing … to support his ground for relief"); Smith v. Bagley, No. 1:00 CV 1961, 2014 WL 1340066, at *48 (N.D. Ohio Apr. 3, 2014) (concluding that petitioner's claims under § 2254 fail because no support was offered "other than conclusory assertions that the statements' [sic] admission violated his constitutional rights.") Accordingly, the objection is overruled.

Further, Petitioner's second objection relating to the renumbering of counts on the verdict form is a rehashing of an argument raised in his original habeas petition. ECF No. 1 at PageID #: 5. An objection to a magistrate judge's Report and Recommendation is not an opportunity for a habeas petitioner to simply rehash arguments raised in their original petition. See Roberts v. Warden, Toledo Corr. Inst., No. 1:08-CV-00113, 2010 WL 2794246, at *7 (S.D. Ohio July 14, 2010) ("The Court is under no obligation to review *de novo* objections that are merely perfunctory or an attempt to have the Court reexamine the same arguments set forth in the original petition"); Speed v. Fender, No. 1:18-CV-1296, 2021 WL 4437056, at *8 (N.D. Ohio Sept. 28, 2021) (stating that petitioner's "restatement of the arguments in his petition is not a proper objection" under § 2254); Warmus v. Larose, No. 14 CV 1925, 2017 WL 392969, at *9 (N.D. Ohio Jan. 30, 2017) (overruling petitioner's objection because it "merely restates the arguments" in the original petition.) Because Petitioner's argument was already addressed in his original petition, the objection is overruled.

5

(5:18CV2950)

### IV.  Conclusion

Petitioner's Objections (ECF No. 13) are overruled and the Report and Recommendation (ECF No. 12) is adopted.  Jackie J. Taylor's Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| October 26, 2021 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |